IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:11-CV-368-ORL-19-GJK

THE LEARNING CONNECTIONS,
INC., a foreign corporation and SYED
HASNAIN, an individual,

    Plaintiffs,

vs.

KAUFMAN, ENGLETT & LYND, PLLC
f/k/a KAUFMAN, ENGLETT & LYND,
LLC, and JEFFREY S. KAUFMAN, ESQUIRE,

    Defendants.

_____/

**AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiffs THE LEARNING CONNECTIONS, INC., a Tennessee corporation ("THE LEARNING CONNECTIONS") and SYED HASNAIN, an individual ("HASNAIN") sues Defendants KAUFMAN, ENGLETT & LYND, PLLC f/k/a KAUFMAN, ENGLETT & LYND, LLC ("LAW FIRM DEFENDANT CORPORATION") and JEFFREY S. KAUFMAN, ESQUIRE ("ATTORNEY") (collectively "LAW FIRM DEFENDANTS") as follows.

**JURISDICTION, VENUE ALLEGATIONS, AND GENERAL
ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

1.    This is a cause of action that is subject to the jurisdiction of the Court pursuant to 28 U.S.C.A. §1332 (a) (1-4) as the amount in controversy is in excess of Seventy Five Thousand Dollars ($75,000.00); exclusive of attorneys' fees, costs and expenses and the parties are all located in and/or are doing business in different states.

2.    THE LEARNING CONNECTIONS is a closely held Tennessee corporation that was doing business as a day care center and a preschool. The shareholders and/or interested

Case 6:11-cv-00368-PCF-GJK   Document 12   Filed 03/31/11   Page 2 of 12 PageID 52

*The Learning Connections, Inc. adv. Kaufman, Englett & Lynd, et.al.*
*Case No.: 6:11-CV-368-ORL-19-GJK*

parties to THE LEARNING CONNNECTIONS are as follows: (i) HASNAIN and his wife, Nadira Hasnain (collectively "Hasnain") and (ii) Fred Gentry and Linda F. Gentry, husband and wife (collectively "Gentry").  THE LEARNING CONNECTIONS purchased The Commercial Property in February, 2007.  It financed the acquisition of The Commercial Property through entering into a mortgage and promissory note with its lender, Fifth Third Bank, N.A., an Ohio Corporation  ("BANK").

3. HASNAIN is a resident of Georgia that retained and personally issued two separate checks totaling Four Thousand Dollars ($4,000.00) made payable to LAW FIRM CORPORATION for purposes of retaining LAW FIRM CORPORATION to represent its interests in a non-judicial foreclosure commenced by BANK ("The Non-Judicial Foreclosure Proceedings").  Those checks are attached hereto as **EXHIBIT "A"**.

4. LAW FIRM DEFENDANT CORPORATION is a Florida Limited Liability Company that is principally located and doing business in Orange County, Orlando, Florida.  It, through its internet website and marketing materials, promotes itself as being a full service, national law firm that practices law in various areas, including foreclosure defense, in 20 states across the nation.  That includes the State of Tennessee.

5. ATTORNEY is a licensed, practicing attorney in states that include Florida and Tennessee.  Upon information and belief, ATTORNEY is the only attorney within LAW FIRM DEFENDANT CORPORATION that is licensed to practice law in the State of Tennessee.  It is through ATTORNEY and his license to practice law in the State of Tennessee that allows LAW FIRM DEFNDANTS to promote themselves as being licensed to practice law in the State of Tennessee.

Case 6:11-cv-00368-PCF-GJK   Document 12   Filed 03/31/11   Page 3 of 12 PageID 53

*The Learning Connections, Inc. adv. Kaufman, Englett & Lynd, et.al.*
*Case No.: 6:11-CV-368-ORL-19-GJK*

6.	Venue properly lies in The Middle District of Florida because the parties are all either located in and/or doing business in different states; the amount in controversy is in excess of Seventy Five Thousand Dollars; and LAW FIRM DEFENDANTS are principally domiciled in Orange County, Orlando, Florida.

## **GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

7.	The procedures on commencing foreclosure proceedings vary in different states and may be categorized as the judicial foreclosure proceedings and the non-judicial foreclosure proceedings. The judicial foreclosure proceedings, as the name implies, simply means that the mortgage holder is required to initiate its foreclosure proceedings in Court through the filing of a complaint or a petition. The non-judicial foreclosure proceedings, as the name also implies, simply means that the mortgage holder is entitled to commence foreclosure proceedings through non-court methods. This includes, for example, publication, certified mail or posting of a notice. The State of Florida follows the judicial foreclosure proceedings. The State of Tennessee, however, follows the non-judicial foreclosure proceedings.

8.	The non-judicial foreclosure proceedings in Tennessee are either contested or uncontested. If the defendant takes no action, then the proceedings are uncontested; the matter proceeds to judgment with the lender taking title to the property without contest ("the uncontested foreclosure"). Tennessee Code allows for the defendant/borrower to 'opt in' to the court process through contesting the foreclosure proceedings ("the contested foreclosure"). The procedure for the contested foreclosure is done through compliance with Tennessee Code, Title 29, Chapter 23, Part 2—Injunctions Against Sale Under Trust Deed or Mortgage. It allows for a borrower to bring an action against the lender for a cause of action relating to the mortgage or security instrument being used to seek foreclosure remedies and to also enjoin further activity,

Case 6:11-cv-00368-PCF-GJK   Document 12   Filed 03/31/11   Page 4 of 12 PageID 54

*The Learning Connections, Inc. adv. Kaufman, Englett & Lynd, et.al.*
*Case No.: 6:11-CV-368-ORL-19-GJK*

through injunctive relief, with respect to the uncontested foreclosure. Tennessee Code further provides that after issuance of the injunction, litigation through court procedures would ensue.

9.   THE LEARNING CONNECTIONS, as owner of The Commercial Property, maintained a steady and profitable business. Its assets were The Commercial Property and its business it maintained within The Commercial Property. The business was in the form of a day care center and the preschool (hereinafter "The Business"). It purchased The Commercial Property for the purchase price totaling Five Hundred and Twenty Five Thousand Dollars ($525,000.00). It tendered a down-payment of approximately Forty Thousand Dollars ($40,000.00) and financed, through BANK, the balance of the purchase price.

10.   It generated significant revenues as it maintained approximately 99 children, per week, for The Business. The revenues that were generated from The Business by taking the revenues, per student, less operating costs and other expenses [including payment to the teachers, utilities and the Five Thousand Four Hundred Dollars ($5,400.00) mortgage payment to BANK and related expenses associated with The Commercial Property] was sufficient, even in the current 'downward' economic environment to generate monthly net profits to the shareholders. The monthly net profits from The Business totaled, approximately, Sixteen Thousand Dollars ($16,000.00) per month. A portion of the monthly net profits were reinvested for improvements to The Commercial Property. Other profits were divided equally, through distributions, between Hasnain and Gentry. Hasnain received monthly distributions totaling, approximately, Eight Thousand Dollars ($8,000.00) per month. Gentry received monthly distributions totaling, approximately, Eight Thousand Dollars ($8,000.00) per month.

11.   Taking (i) the $40,000.00 down-payment together with (ii) the $5400.00 per month mortgage payments and (iii) the additional capital contributions that were reinvested into

Case 6:11-cv-00368-PCF-GJK   Document 12   Filed 03/31/11   Page 5 of 12 PageID 55

*The Learning Connections, Inc. adv. Kaufman, Englett & Lynd, et.al.*
*Case No.: 6:11-CV-368-ORL-19-GJK*

The Commercial Property and The Business, THE LEARNING CONNECTIONS'S total equity in The Commercial Property in or around August, 2008 was approximately Four Hundred and Fifty Nine Thousand Dollars ($459,000.00).

12. In July, 2008, the shareholders of THE LEARNING CONNECTIONS each faced personal issues; unrelated to their financial ability to pay the mortgage. HASNAIN'S father passed away in HASNAIN'S native country, Pakistan. Hasnain immediately made arrangements to travel to Pakistan to spend time with their family. Gentry sustained serious injuries from a traffic accident. As a result, Gentry spent a significant amount of time in the hospital recovering from his injuries. Gentry was unaware that Hasnain was out of town, in Pakistan, attending to his family. Hasnain was unaware that Gentry was hospitalized; recovering from injuries sustained from the automobile accident.

13. As a result, neither Hasnain nor Gentry paid the mortgage for the Commercial Property. This resulted in THE LEARNING CONNECTIONS missing two mortgage payments. The first payment missed was the payment from August, 2008 ("The First Missed Payment"). The second payment missed was the payment from September, 2008 ("The Second Missed Payment"). Upon Hasnain's return from Pakistan and Gentry's discharge from the hospitalization, THE LEARNING CONNECTIONS continued to pay the mortgage for the Commercial Property. All mortgage payments made by THE LEARNING CONNECTIONS subsequent to The Second Missed Payment were rejected by BANK.

14. Moreover, BANK was unwilling to reinstate the mortgage to THE LEARNING CONNECTIONS. It, instead, retained counsel, Stites & Harbison, PLLC. BANK, through its counsel, initiated the Non-Judicial Foreclosure Proceedings to foreclose on the Commercial Property. This is evidenced by the correspondence and related attachments from BANK'S

Case 6:11-cv-00368-PCF-GJK   Document 12   Filed 03/31/11   Page 6 of 12 PageID 56

*The Learning Connections, Inc. adv. Kaufman, Englett & Lynd, et.al.*
*Case No.: 6:11-CV-368-ORL-19-GJK*

counsel to THE LEARNING CONNECTION and its shareholders, et.al., dated November 12, 2009. Included therein was additional notice that BANK would seek the deficiency from the foreclosure sale from the shareholders, as personal guarantors of the promissory note. A copy of the correspondence is attached hereto as **EXHIBIT "B".**

15. Immediately after receiving the correspondence previously identified as **EXHIBIT B**, THE LEARNING CONNECTIONS sought to retain counsel. It, through HASNAIN, retained the services of LAW FIRM DEFENDANTS. It hired LAW FIRM DEFENDANTS based on their representations through the internet and other advertisements that it is a 'national' firm; specializing in areas including foreclosure defense work. A copy of the retainer agreement is attached hereto as **EXHIBIT "C".**

16. LAW FIRM DEFENDANTS requested certain 'intake form' information from THE LEARNING CONNECTIONS and its shareholders. At no point, however, did LAW FIRM DEFENDANTS provide THE LEARNING CONNECTIONS and its shareholders with legal advice regarding the Non-Judicial Foreclosure Proceedings. Nor did LAW FIRM DEFENDNATS initiate the contested foreclosure. Nor did LAW FIRM DEFNDANTS explain to THE LEARNING CONNECTIONS the ramifications of the failure to initiate the contested foreclosure. Nor did LAW FIRM DEFENDANTS do anything in response to BANK'S initiation of the Non-Judicial Foreclosure Proceedings.

17. As a result of the failure to file the contested foreclosure, The Non-Judicial Foreclosure Proceedings continued. It resulted in an entry of a final judgment in favor of BANK. BANK, therefore, took legal title to The Commercial Property. LAW FIRM DEFENDANTS were notified of the issue and responded by attempting to negotiate directly with BANK. The negotiations were unsuccessful. On June 21, 2010, LAW FIRM

Case 6:11-cv-00368-PCF-GJK   Document 12   Filed 03/31/11   Page 7 of 12 PageID 57

*The Learning Connections, Inc. adv. Kaufman, Englett & Lynd, et.al.*
*Case No.: 6:11-CV-368-ORL-19-GJK*

DEFENDANTS sent correspondence to THE LEARNING CONNECTIONS that it terminated the continued representation of THE LEARNING CONNECTIONS and the shareholders. A true and correct copy of that correspondence is attached hereto as **EXHIBIT "D".**

18.     Moreover, LAW FIRM DEFENANTS took affirmative steps that were designed to fraudulently and actively conceal to the Plaintiffs that (i) **the only way** in which LAW FIRM DEFENDANTS could have challenged the Non-Judicial Foreclosure Proceedings would have been through the filing of the contested foreclosure and that (ii) LAW FIRM DEFENDANTS had failed to file the contested foreclosure.  It was not until after LAW FIRM DEFENDANTS terminated its continued representation of THE LEARNING CONNECTIONS, or June 21, 2010, did THE LEARNING CONNECTIONS and its shareholders discover LAW FIRM DEFENDANTS active attempts to cover-up its own inactions.

19.     All conditions precedent has been met or has otherwise been waived and/or satisfied.

**COUNT I—PROFESSIONAL MALPRACTICE AGAINST LAW FIRM DEFENDANTS**

20.     THE LEARNING CONNECTIONS and HASNAIN bring a cause of action sounding in Professional Malpractice against LAW FIRM DEFENDANTS.

21.     THE LEARNING CONNECTIONS and HASNAIN readopt and reincorporate their allegations contained in Paragraphs 1 through 19, inclusive, as if specifically incorporated herein.

22.     LAW FIRM DEFENDANTS were employed by or in privity with THE LEARNING CONNECTIONS and HASNAIN based on the fact that (i) HASNAIN retained the services of LAW FIRM DEFENDANTS and (ii) HASNAIN tendered the retainer payment in

Case 6:11-cv-00368-PCF-GJK   Document 12   Filed 03/31/11   Page 8 of 12 PageID 58

*The Learning Connections, Inc. adv. Kaufman, Englett & Lynd, et.al.*
*Case No.: 6:11-CV-368-ORL-19-GJK*

connection with the legal services that LAW FIRM DEFNDANTS purported would be provided to THE LEARNING CONNECTIONS and HASNAIN.

23. LAW FIRM DEFENDANTS neglected a reasonable duty to HASNAIN and, subsequently, to THE LEARNING CONNECTIONS by doing and/or failing to do the following:

   a. Failing to advise THE LEARNING CONNECTIONS and HASNAIN that the failure to ensure the filing of the contested foreclosure would result in the uncontested foreclosure to proceed, unchecked, and thus result in BANK taking title to the Commercial Property, without contest;

   b. Failing to initiate and seek injunctive relief through the contested foreclosure against BANK that would have served to preclude BANK from proceeding with and obtaining title to The Commercial Property through the uncontested foreclosure;

   c. Failing to take any reasonable course that a similarly situated and licensed Tennessee attorney would have taken when undertaking a client facing the same or similar circumstances.

24. As a direct and proximate result of LAW FIRM DEFENDANTS negligence in failing to do what a reasonably situated attorney would have done when faced with similar circumstances (i.e., file the contested foreclosure and obtain an injunction), THE LEARNING CONNECTIONS incurred damages. The damages are measured by the following: (i) loss of the Commercial Property; (ii) loss of The Business; (iii) loss of the money that THE LEARNING CONNECTIONS reinvested back into improvements in The Commercial Property and The Business; (iv) loss of all equities that THE LEARNING CONNECTIONS had in The Commercial Property; (v) loss of the income stream associated with The Business; and (vi) the monies that HASNAIN paid LAW FIRM DEFENDANTS in consideration for LAW FIRM DEFENDANTS representation of the interests of THE LEARNING CONNECTIONS.

Case 6:11-cv-00368-PCF-GJK   Document 12   Filed 03/31/11   Page 9 of 12 PageID 59

*The Learning Connections, Inc. adv. Kaufman, Englett & Lynd, et.al.*
*Case No.: 6:11-CV-368-ORL-19-GJK*

**WHEREFORE,** HASNAIN and THE LEARNING CONNECTIONS demand the entry of the judgment against LAW FIRM DEFENDANTS for professional attorney malpractice and further demands any further relief that the Court deems fair, just and equitable.

### COUNT II—NEGLIGENT SUPERVISION AGAINST ATTORNEY

25. HASNAIN and THE LEARNING CONNECTIONS bring a cause of action sounding in Negligent Supervision against ATTORNEY.

26. THE LEARNING CONNECTIONS and HASNAIN readopts and reincorporates the allegations contained in Paragraphs 1 through 19, inclusive; and Paragraphs 22 through 24, inclusive; as if specifically incorporated herein.

27. ATTORNEY, upon information and belief, was the only licensed and practicing attorney at LAW FIRM CORPORATION that is licensed to practice law within the State of Tennessee and, therefore, knew or should have known that Tennessee Code mandates the filing of the contested foreclosure to avoid BANK from proceeding to foreclosure and taking title to The Commercial Property through the uncontested foreclosure.

28. ATTORNEY neglected and failed to perform his reasonable duty that ATTORNEY owed to HASNAIN and THE LEARNING CONNECTIONS by failing to supervise the other attorneys within LAW FIRM CORPORATION regarding the procedures required to initiate the contested foreclosure proceedings and the obtaining of the injunctive relief; per Tennessee Code, that would have been required to provide proper representation to HASNAIN and THE LEARNING CONNECTIONS.

29. As a direct and proximate result of ATTORNEY negligently supervising The Non-Judicial Foreclosure Proceedings, THE LEARNING CONNECTIONS and HASNAIN incurred damages. The damages are measured by the following: (i) loss of the Commercial

Case 6:11-cv-00368-PCF-GJK   Document 12   Filed 03/31/11   Page 10 of 12 PageID 60

*The Learning Connections, Inc. adv. Kaufman, Englett & Lynd, et.al.*
*Case No.: 6:11-CV-368-ORL-19-GJK*

Property; (ii) loss of The Business; (iii) loss of the money that THE LEARNING CONNECTIONS reinvested back into improvements in The Commercial Property and The Business; (iv) loss of all equities that THE LEARNING CONNECTIONS had in The Commercial Property; (v) loss of the income stream associated with The Business; and (vi) the monies that HASNAIN paid LAW FIRM DEFENDANTS in consideration for LAW FIRM DEFENDANTS representation of the interests of THE LEARNING CONNECTIONS.

**WHEREFORE,** THE LEARNING CONNECTIONS and HASSNAIN demands the entry of a judgment against ATTORNEY for negligently supervising The Non-Judicial Foreclosure Proceedings and further demands any further relief that the Court deems fair, just and equitable.

**COUNT III—FRAUDULENT CONCEALMENT AGAINST LAW FIRM DEFENDANTS**

30. THE LEARNING CONNECTIONS and HASNAIN bring a cause of action sounding in Fraudulent Concealment against LAW FIRM DEFENDANTS.

31. THE LEARNING CONNECTIONS and HASNAIN readopt and reincorporate their allegations contained in Paragraphs 1 through 19, inclusive; Paragraphs 22 through 24, inclusive; and Paragraphs 27 through 29, inclusive; as if specifically incorporated herein.

32. LAW FIRM DEFENDANTS actively and affirmatively concealed its own attorney malpractice through covering up and otherwise failing to disclose to THE LEARNING CONNECTIONS and its shareholders that LAW FIRM DEFENDANTS would have been required to, but did not, comply with Tennessee law through the initiation of the contested foreclosure against BANK.

33. LAW FIRM DEFENDANTS active and affirmative concealment of its failure to follow the legal procedure of initiating the contested foreclosure in accordance with Tennessee

Case 6:11-cv-00368-PCF-GJK   Document 12   Filed 03/31/11   Page 11 of 12 PageID 61

*The Learning Connections, Inc. adv. Kaufman, Englett & Lynd, et.al.*
*Case No.: 6:11-CV-368-ORL-19-GJK*

law is conduct that was not and could not have been discovered by THE LEARNING CONNECTIONS and its shareholders; despite their exercising of reasonable diligence.

34.   As a direct and proximate result of LAW FIRM DEFENDANTS fraudulent concealment of its own attorney malpractice (i.e., file the contested foreclosure and obtain an injunction), THE LEARNING CONNECTIONS incurred damages.  The damages are measured by the following: (i) loss of the Commercial Property; (ii) loss of The Business; (iii) loss of the money that THE LEARNING CONNECTIONS reinvested back into improvements in The Commercial Property and The Business; (iv) loss of all equities that THE LEARNING CONNECTIONS had in The Commercial Property; (v) loss of the income stream associated with The Business; and (vi) the monies that HASNAIN paid LAW FIRM DEFENDANTS in consideration for LAW FIRM DEFENDANTS representation of the interests of THE LEARNING CONNECTIONS.

**WHEREFORE,** HASNAIN and THE LEARNING CONNECTIONS demand the entry of the judgment against LAW FIRM DEFENDANTS as a result of LAW FIRM DEFENDANTS conduct of fraudulently and actively concealing its own attorney malpractice through the failure to initiate the contested foreclosure against BANK and further demands any further relief that the Court deems fair, just and equitable.

### DEMAND FOR JURY TRIAL

HASNAIN and THE LEARNING CONNECTIONS demand a trial by jury as to all issues so triable.

*The Learning Connections, Inc. adv. Kaufman, Englett & Lynd, et.al.*
*Case No.: 6:11-CV-368-ORL-19-GJK*

Respectfully submitted,

THE LAW OFFICES OF GEOFFREY D. ITTLEMAN, P.A.
440 North Andrews Avenue
Fort Lauderdale, Florida 33301
Tel: (954) 462-8340
Fax: (954) 462-8342
geoffrey@ittlemanlaw.com

By:  /s/Geoffrey Ittleman
Geoffrey D. Ittleman, Esq.
Fla. Bar No.: 377790

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed with the Court on this the 31st day of March, 2011 to **Matthew D. Valdes, Esquire,** Kaufman, Englett & Lynd, PLLC, 111 N. Magnolia Avenue, Suite 1500, Orlando, Florida 32801.

THE LAW OFFICES OF GEOFFREY D. ITTLEMAN, P.A.
440 North Andrews Avenue
Fort Lauderdale, Florida 33301
Tel: (954) 462-8340
Fax: (954) 462-8342
geoffrey@ittlemanlaw.com

By:  /s/Geoffrey Ittleman
Geoffrey D. Ittleman, Esq.
Fla. Bar No.: 377790