**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

LEARNING CONNECTIONS, INC.; and
SYED HASNAIN,

        Plaintiffs,

v.                                      Case No. 6:11-cv-368-Orl-37GJK

KAUFMAN, ENGLETT & LYND, PLLC,
*f/k/a* KAUFMAN, ENGLETT & LYND,
LLC; and JEFFREY S. KAUFMAN,

        Defendants.

**ORDER**

This cause is before the Court on jurisdictional review pursuant to the Limited Remand Order of the U.S. Court of Appeals for the Eleventh Circuit. (*See* Doc. 152.) This action has recently been reassigned to the undersigned (*see* Doc. 153), and, upon review, the Court is unable to determine whether it has subject-matter jurisdiction over this action.

Plaintiff alleges that this Court has diversity jurisdiction over this suit. (*See* Doc. 12, ¶ 1.) Diversity jurisdiction requires the matter in controversy to be "between . . . citizens of different states." 28 U.S.C. § 1332(a). This case involves the citizenship of three types of parties: natural persons, corporations, and limited liability companies ("LLCs").

For a natural person, "residence alone is not enough" for diversity jurisdiction. *See Travaglio v. Am. Exp. Co.*, 735 F.3d 1266 (11th Cir. 2013). "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). "Citizenship

is equivalent to 'domicile,'" and domicile requires physical residence and "an intention to remain there indefinitely . . . ." *McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2002).

A corporation, for diversity purposes, is a citizen of "*every* State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." *See* 28 U.S.C. § 1332(c)(1).

The citizenship of an LLC depends upon the citizenship of its members; an LLC is a citizen of *each* state of which a member of the company is a citizen. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1021–22 (11th Cir. 2004). Professional limited liability companies are a type of LLC, and their citizenship is determined by the same rules. *See, e.g.*, *Stamper v. Wilson & Assocs., PLLC*, No. 3:09-cv-270, 2010 WL 1208585, at *10 (E.D. Tenn. Mar. 31, 2010).

Past efforts to demonstrate diversity of citizenship have failed to address the citizenship requirements discussed above. Accordingly, it is hereby **ORDERED AND ADJUDGED** that the parties are **DIRECTED** to meet and confer and to submit, on or before December 30, 2013, a joint statement of the following, as of the time this action was commenced:

   a. The state of incorporation of Plaintiff The Learning Connections, Inc.;

   b. The principal place of business of Plaintiff The Learning Connections, Inc.;

   c. The domicile of Plaintiff Syed Hasnain—i.e., Hasnain's residence coupled with "an intention to remain there indefinitely";

   d. The name of each member of Defendant Kaufman, Englett & Lynd, PLLC (f/k/a Kaufman, Englett & Lynd, LLC);

   e. The citizenship of each member of Defendant Kaufman, Englett & Lynd,

>    PLLC (f/k/a Kaufman, Englett & Lynd, LLC), bearing in mind that the citizenship requirements are different for different entities, as discussed in this Order; and
>
>    f. The domicile of Defendant Jeffrey S. Kaufman—i.e., Kaufman's residence coupled with "an intention to remain there indefinitely."

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 12, 2013.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record