**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

LEARNING CONNECTIONS, INC.; and
SYED HASNAIN,

        Plaintiffs,

v.   Case No. 6:11-cv-368-Orl-37GJK

KAUFMAN, ENGLETT & LYND, PLLC,
*f/k/a* KAUFMAN, ENGLETT & LYND,
LLC; and JEFFREY S. KAUFMAN,

        Defendants.

**ORDER ON REMAND**

This cause is again before the Court on jurisdictional review pursuant to the Limited Remand Order of the U.S. Court of Appeals for the Eleventh Circuit. (*See* Doc. 152.) Plaintiff alleges that the Court has diversity jurisdiction over this suit. (*See* Doc. 12, ¶ 1.) On December 12, 2013, after reviewing the record and finding itself unable to determine whether it had subject-matter jurisdiction over this action, the Court directed the parties to meet and confer and to submit, on or before December 30, 2013, a joint statement establishing, *inter alia*, the citizenship of Plaintiff Syed Hasnain and the principal place of business of Plaintiff The Learning Connections, Inc. (*See* Doc. 154, p. 2.)

On December 30, 2013, Defendants responded to the Court's Order and indicated that they had not been contacted by Plaintiffs or Plaintiffs' counsel.[1] (Doc. 156, ¶ 4.) The deadline to respond has now passed, and Plaintiffs have failed to submit a jurisdictional statement. Accordingly, the Court finds that Plaintiffs, having failed to establish the

---

[1] Nevertheless, Defendants unilaterally addressed the jurisdictional issues applicable solely to them. (Doc. 156, ¶¶ 5–7.)

citizenship of Hasnain and the principal place of business of The Learning Connections, Inc., have failed to establish diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1) (deeming a corporation to be a citizen of every State in which it has been incorporated and also the State where it has its principal place of business); *Molinos Valle Del Cibao C. por A. v. Lama*, 633 F.3d 1330, 1342 n.12 (11th Cir. 2011) (emphasizing that, for individuals, complaints must allege citizenship, not residence). Therefore, pursuant to the Order of the U.S. Court of Appeals for the Eleventh Circuit, the Court finds that the prior judgment entered in this case (Doc. 100) is due to be vacated and this action is due to be dismissed. (*See* Doc. 152, pp. 2–3.)

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. The civil judgment in this case (Doc. 100) is **VACATED**.
2. This action is **DISMISSED WITH PREJUDICE** for lack of subject-matter jurisdiction.[2]
3. The Clerk is **DIRECTED** to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on January 2, 2014.

ROY B. DALTON JR.
United States District Judge

---

[2] As the Court lacks subject-matter jurisdiction in this action, it cannot comply with Defendants' request to "order the return of all monies paid by the Defendants as a consequence of [the] final judgment." (Doc. 156, p. 3.) Defendants must raise this issue, if at all, in state court.

2

Copies:

Counsel of Record

U.S. Court of Appeals for the Eleventh
Circuit